PARMENTER v. HOMANS et al.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. TRUSTS—ENFORCEMENT—PARTIES.

Where the agreement of a stockholder to create a trust for the benefit of the corporation by the deposit of stock with another for sale for the benefit of the corporation was executed, and there was no evidence of fraud inducing the agreement, the corporation became the cestui que trust owning the beneficial interest in the deposited stock, and its proceeds and the right to enforce the agreement or to call the trustee to account for any misapplication of the stock or proceeds rested primarily in the corporation or in the stockholders on the refusal of the corporation to proceed.

**2. SAME.**

Where two stockholders deposited their stock with another under an agreement that the stock should be sold for the benefit of the corporation, both stockholders were necessary parties to an action based on the violation of the agreement, if either could maintain the action.

Houghton, J., dissenting.

Appeal from Special Term.

Action by Isaac W. Parmenter against William P. Homans and others. From an interlocutory judgment overruling the demurrers to the complaint interposed by defendants William P. Homans and Elias T. Jester, they appeal. Reversed, and demurrers sustained.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

George E. Leonard, for appellants.

George P. Breckenridge, for respondent.

SCOTT, J. The defendants appeal from an interlocutory judgment overruling their separate demurrers to the complaint, which were interposed for general insufficiency, and for lack of necessary parties.

The complaint alleges that the defendant Milk Concentrates Company was organized on or about the 1st day of May, 1905, and that since such organization the plaintiff and the defendants Homans and Jester have been stockholders and directors thereof, said Homans being now the president and said Jester the treasurer; that said Homans and Jester have since the organization of the company been stockholders of record, owning and controlling nearly one-half of the capital stock, and have, or claim to have, advanced money to the company, but such moneys have been advanced under agreements of said defendants to finance said company and lend to it all moneys necessary to said company, and, in consideration of said agreement, the stock held by said defendants as aforesaid was transferred to them; that, notwithstanding their said agreements, the defendants did not finance said company, and did not lend to it the moneys needed for it; that one McIntyre, who was and is the holder of a large amount of the stock of said company and the inventor of the process to make and sell which the company was formed, proposed to said defendants Homans and Jester and to plaintiff that they deposit certain portions of their stock in the hands of said Jester to be held by him in trust to be sold for the benefit of the company at not less than $50 per share; that the moneys obtained for said stock be deposited in the treasury of the company, and that the said McIntyre be paid an indebtedness due him from the said company of $6,000 from the first sale of such stock; that such deposit was made by said parties as aforesaid on or about the 15th day of October, 1906, and was received and accepted by said Jester on the agreement aforesaid, and in pursuance thereof plaintiff assigned in blank and transferred to said Jester as said trustee 300 shares of said stock; that thereafter, and in about the month of June, 1907, the defendants Homans and Jester, for the purpose of obtaining control of said company and having in their names the majority of the shares thereof, and in violation of their said agreement, demanded that shares of said trust stock be transferred to them to the full amount of what

they claimed the company owed each of them, and they threatened to transfer said shares to themselves; that thereafter said defendants, in violation of their said agreements and the terms of the trust by which said stock was held, caused to be transferred to themselves certain shares of said trust stock belonging to this plaintiff, and that, by reason of such transfer, said defendants now hold in their names or have held for them a majority of the stock of said company; that said defendants have irregularly, and without authority, undertaken to call a meeting of said company for the election of directors; that said defendants have sold certain of said stock held in trust as aforesaid and belonging to plaintiff and transferred the same, but it is plaintiff's belief that some, if not all, of such sales and transfers were made for the purpose of having the same held for and voted in favor of said defendants; that said defendants threaten to vote said trust stock transferred to themselves at the stockholders' meeting, and will do so unless restrained, and thereby elect directors other than this plaintiff and his associates, and hostile to their interests. The relief demanded is that any transfer to the defendants of trust stock belonging to plaintiff be set aside, and said stock be redelivered to plaintiff, and that pending the action the defendants be enjoined from holding any stockholders' meeting or from voting upon said stock.

This complaint alleges a transfer by plaintiff of certain of his stock to Jester in trust for the benefit of the company, and the gravamen of his complaint is, or at least he attempts to allege, a diversion by Jester of the stock held in trust for purposes other than those for which it was transferred. In other words, the plaintiff, the creator of the trust, for the benefit of the company, the cestui que trust, alleges that the trustee has violated the terms of the trust, and therefore demands that the trust be abrogated, and his contribution thereto be restored to him. This relief he certainly is not entitled to. The agreement to create the trust was fully executed, and it is not alleged that any fraud was committed against plaintiff to induce him to contribute his stock to the trust fund or pool. So far as the plaintiff was concerned the transaction was complete. Thereafter the company became the cestui que trust, owning the beneficial interest in the deposited stock and its proceeds, and the right to enforce the trust agreement, or to call the trustee to account for any diversion or misapplication of this fund rested primarily in the company, or in all the stockholders, if the company refused to proceed, but the plaintiff, as a contributor to the fund, shows no sufficient reason for rescinding his agreement to contribute to the fund and have his stock back. And it is only in his capacity as a contributor seeking to rescind the trust agreement that he sues. He does not undertake to sue on behalf of the company to enforce the trust. He does not sue in his own behalf, and in behalf of other stockholders similarly situated, nor does he allege that any demand has been made upon the company that it sue, or that such demand would necessarily be futile. It is not at all clear that the complaint even shows that the trustee has violated the trust agreement. The stock was deposited with him for sale; and it is nowhere alleged that he has not sold for value whatever stock he has disposed of. The complaint does not clearly state that McIntyre contributed stock to the pool, although it may be

read as so alleging, and both appellants and respondent assume upon the briefs that he did so contribute, and that the complaint so alleges. If so, he is certainly a necessary party to the action, for he has a distinct interest in the question whether or not the trust agreement shall be abrogated.

The judgment appealed from must be reversed, with costs and disbursements to each appellant, and the separate demurrers sustained with costs to each defendant-appellant, with leave to the plaintiff to amend his complaint within 20 days upon payment of costs in this court and the court below.

INGRAHAM, McLAUGHLIN, and CLARKE, JJ., concur. HOUGHTON, J., dissents.